# EXHIBIT A

Michael Pricharda

534 Walnut St. Apt 2                                          Plaintiff, in Proper Person

Reading, PA 19601

484-966-1553

mpricharda@gmail.com

---

Michael Pricharda                    **COURT OF COMMON PLEAS OF BERKS COUNTY**

    Plaintiff,                              **READING, PENNSYLVANIA**

    vs.                                       22 -10972

Havas Street

    Defendant.

T-Mobile USA, Inc.                              CASE NUMBER:

    Defendant.                                  **JURY TRIAL DEMANDED**

---

### <u>PLAINTIFF''S COMPLAINT</u>

---

### <u>NOTICE</u>

    You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claim set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgement may be entered against you by the Court without further notice for any money claimed in the complaint or for any other claim or relief requested by the Plaintiff. You may lose money or other rights important to you.

    YOU SHOULD TAKE THIS COMPLAINT TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

    IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Lawyer's Referral Services of the

Berks County Bar Association

544 Court Street

Reading, PA 19601

(610) 375-4591

Received County of Berks Prothonotary's Office on 7/6/2022 12:06:29 PM   Prothonotary Docket No. 22-10972

Contract - Other 22-10972
Berks County Prothonotary Office

*5404523 R*   7/6/2022   12:05 PM

Received County of Berks Prothonotary's Office on 7/6/2022 12:06:29 PM   Prothonotary Docket No. 22-10972

## COMPLAINT

Plaintiff, MICHAEL PRICHARDA, in proper person, complains against defendant HAVAS STREET, inclusive as follows:

## PARTIES

1.  Plaintiff, MICHAEL PRICHARDA, (hereinafter "Plaintiff") is an individual who is currently, and was at all relevant times herein, a resident of the State of Pennsylvania, County of Berks, City of Reading. Plaintiff may be reached and served with process by service upon his registered address, 534 Walnut St., Apt 2, Reading, PA 19601, via email at mpricharda@gmail.com, and via telephone at 484-966-1553.

2.  Defendant HAVAS STREET, (hereinafter "Defendant 1") is an entity and may be served with process by service upon its registered address, 810 Parkview Drive North, El Segundo, CA 90245, via email at cadena@havasstreet.com, and via telephone at 310-578-7050.

3.  Defendant T-MOBILE USA, INC., (hereinafter "Defendant 2") is an entity and may be served with process by service upon its registered address, 12920 SE 38th St, Bellevue, WA 98006, and by telephone at 425-378-4000.

4.  All the acts and/or failures to act alleged herein were duly performed by and/or are attributable to Defendant, individually, collaboratively, or acting by and through their agents and employees. Said acts and/or failures to act were within the scope of any agency or employment, or were ratified by Defendant.

5.  The names and capacities, whether individual, corporate, associate or otherwise, of defendants and/or their alter egos sued herein, inclusive, are presently offered to the best of the Plaintiff's ability and amendments to this complaint may be made as new information is ascertained.

## FACTS

Received County of Berks Prothonotary's Office on 7/6/2022 12:06:29 PM Prothonotary Docket No. 22-10972

5. Plaintiff had been employed by Defendant 1 for T-Mobile events since April 2021 for a marketing program.

6. Plaintiff had accepted Christmas holiday work to help Defendant 1's district manager staff a few events that she was struggling with.

7. Plaintiff had worked the first of the Christmas holiday events with Lindsay Bliss (hereforth referred to as "BA") as his brand ambassador, at the Schecksville Zoo.

8. The Plaintiff and BA experienced a complete cell and data signal shutdown during the event while running on Defendant 2's networks - while promoting Defendant 2.

9. The Plaintiff did attempt several times to reach Defendant 1's district manager to alert them to the issue but could not reach her due to cell and data signals not workings, and her inability to respond to emails in a timely manner.

10. The Plaintiff and BA were provided chairs by the zoo when we arrived, though we only used them when we were writing down the surveys by hand for Defendants 1 and 2 after the signal wouldn't allow us to do our job with the phones we had available.

11. The Plaintiff and BA did work outside in below freezing 25 degree weather for 6 hours without signal for Defendants 1 and 2.

12. The Plaintiff had heard back from Defendant 1's district manager near the end of his shift and was told that we were breaking rules for sitting down, even though someone from the zoo left chairs in our shelter, and that we were both supposed to stand outside in the winter cold 25 degree weather outside of the shelter we were provided while there was no heat source.

13. The Plaintiff and BA finished their shifts with some acute hypothermic symptoms and completed the reports and surveys we took down by hand for our employer and their client, and the Plaintiff promptly told the district manager that he no longer wished to help complete the last two events he agreed to take due to the way he and the BA were treated at the zoo.

14. The Plaintiff and the BA were immediately terminated.

Received County of Berks Prothonotary's Office on 7/6/2022 12:06:29 PM   Prothonotary Docket No. 22-10972

15. The Plaintiff will not be able to work with the Defendant 1 in any future programs given their refusal to acknowledge any wrong-doing or foul-play, thus resulting in the Plaintiff losing business income.

16. Defendant 2 is responsible for not providing proper coverage in an area they were running a marketing promotion for themselves in, creating the chain of events that led to two wrongful terminations.

17. Plaintiff did suffer substantial loss of business income due to being unable to complete his job and be an employee of Havas Street.

18. Plaintiff faces anxiety and financial hardship due to the actions taken by the Defendant.

## CLAIMS FOR RELIEF

### A. Gross Negligence, Negligence by Variable Liability

19. Plaintiff incorporates herein by reference thereto Paragraphs one (1) through eighteen (18) inclusive of the within Complaint as if fully set forth hereto.

20. Plaintiff was employed and had a valid and existing employee account as set forth above.

21. Plaintiff performed his obligations under the employee account or was excused from doing so.

22. Defendant has exercised extreme negligence against the Plaintiff by failing to enact and enforce any or enough remediation policy to prevent harm, and when asked for mediation, refused.

23. Defendant has an obligation to provide some constant and/or consistent measure of protection from intra-agency abuses on its platform to its employees.

24. Defendant neglected their duties as set forth above.

25. Defendant's neglect directly and proximately caused damages to the Plaintiff as set forth above.

26. As a result of the Defendant 1's failure and/or refusal to provide proper grievance appeals and/or support and complete their obligations under the employment contract and the need to commence this action, the Defendants have damaged the Plaintiff in an amount in excess of Five Hundred Thousand Dollars ($500,000.00) together with interest plus any reasonable attorney's fees and costs.

WHEREFORE, Plaintiff demands judgement against Defendants in an amount in excess of Five Hundred Thousand Dollars ($500,000) together with interest, any reasonable attorney's fees as determined by the Court, plus the costs of suit and other such relief as the Court believes is just and proper.

Received County of Berks Prothonotary's Office on 7/6/2022 12:06:29 PM  Prothonotary Docket No. 22-10972

**B.  Loss of Future Wages**

27.  Plaintiff incorporates herein by reference thereto Paragraphs one (1) through twenty six (26) inclusive of the within Complaint as if fully set forth hereto.

28.  Defendant 1 has refused to re-employ the Plaintiff despite being made aware of the error.

29.  As a result of  Defendant 1's irreconciliation and the need to commence this action, the Defendants have damaged the Plaintiff in an amount in excess of Five Hundred Thousand Dollars ($500,000.00) together with interest plus any reasonable attorney's fees and costs.

WHEREFORE, Plaintiff demands judgement against Defendants in an amount in excess of Five Hundred Thousand Dollars ($500,000) together with interest, any reasonable attorney's fees as determined by the Court, plus the costs of suit and other such relief as the Court believes is just and proper.

**C.  Breach of Contract**

30.  Plaintiff incorporates herein by reference thereto Paragraphs one (1) through twenty nine (29) inclusive of the within Complaint as if fully set forth hereto.

31.  According to the pertinent provisions of the employment contract, Defendant 1 is obligated to promptly provide names and numbers and emails for HR and other conflict resolution departments, customer service and technical support all of which the Defendant failed and/or refused to do.

32.  Defendant 1 deliberately concealed and/or intentionally failed to disclose to the Plaintiff the names and contact info for appropriate channels of conflict resolution.

33.  By Defendant 1's refusal to provide services in the way contractually agreed upon, the Plaintiff is obligated to commence suit despite attempts by the Plaintiff to enforce the contract or contact an agent or representative of the Defendant's to remedy their errors, thereby causing the Plaintiff to incur fees and costs of suit.

34.  Defendant 1 has unlawfully ignored the provisions of their employment contract, enacted by and between the Plaintiff and the Defendant in April 2021.

35.  The agreement between the parties hereto was and is a valid binding contract.

36.  The Defendant is in breach of the aforesaid contract between the parties hereto.

Received County of Berks Prothonotary's Office on 7/6/2022 12:06:29 PM   Prothonotary Docket No. 22-10972

37. As a result of Defendant 1's failure and/or refusal to provide conflict resolution, services and support and complete their obligations under the contract and the need to commence this action, the Defendants have damaged the Plaintiff in an amount in excess of Five Hundred Thousand Dollars ($500,000.00) together with interest plus any reasonable attorney's fees and costs.

WHEREFORE, Plaintiff demands judgement against Defendant in an amount in excess of Five Hundred Thousand Dollars ($500,000) together with interest, any reasonable attorney's fees as determined by the Court, plus the costs of suit and other such relief as the Court believes is just and proper.

**D. Contract Implied in Fact**

38. Plaintiff incorporates herein by reference thereto Paragraphs one (1) through thirty seven (37) inclusive of the within Complaint as if fully set forth hereto.

39. An actual contract for service as describes above existed between the Plaintiff and Defendant 1 whereby said parties have agreed upon the obligations to be incurred but their intention is inferred from their acts in light of the surrounding circumstances.

40. Defendant 1 is in breach of the aforesaid contract implied in fact which they have with the Plaintiff.

41. As a result of Defendant 1's failure and/or refusal to provide conflict resolution, services and support and complete their obligations under the contract and the need to commence this action, the Defendants have damaged the Plaintiff in an amount in excess of Five Hundred Thousand Dollars ($500,000.00) together with interest plus any reasonable attorney's fees and costs.

WHEREFORE, Plaintiff demands judgement against Defendant in an amount in excess of Five Hundred Thousand Dollars ($500,000) together with interest, any reasonable attorney's fees as determined by the Court, plus the costs of suit and other such relief as the Court believes is just and proper.

**E. Intentional Infliction of Emotional Distress**

42. Plaintiff incorporates herein by reference thereto Paragraphs one (1) through forty one (41) inclusive of the within Complaint as if fully set forth hereto.

Received County of Berks Prothonotary's Office on 7/6/2022 12:06:29 PM Prothonotary Docket No. 22-10972

43. Defendants have harmed the Plaintiff by intentionally refusing mediation and not attempting to resolve the Plaintiff's wrongful termination, and ignoring all requests for remediation, and has caused the Plaintiff mental anguish and emotional distress.

44. As a result of the Defendants failure and/or refusal to provide the agreed upon conflict resolution, comply with requests for mediation and the need to commence this action, the Defendants have damaged the Plaintiff in an amount in excess of Five Hundred Thousand Dollars ($500,000.00) together with interest plus any reasonable attorney's fees and costs.

WHEREFORE, Plaintiff demands judgement against Defendant in an amount in excess of Five Hundred Thousand Dollars ($500,000) together with interest, any reasonable attorney's fees as determined by the Court, plus the costs of suit and other such relief as the Court believes is just and proper.

**F. Wrongful Termination**

45. Plaintiff incorporates herein by reference thereto Paragraphs one (1) through forty four (44) inclusive of the within Complaint as if fully set forth hereto.

46. As a result of Defendant 1'swrongful termination, the Defendants have damaged the Plaintiff in an amount in excess of Five Hundred Thousand Dollars ($500,000.00) together with interest plus any reasonable attorney's fees and costs.

WHEREFORE, Plaintiff demands judgement against Defendant in an amount in excess of Five Hundred Thousand Dollars ($500,000) together with interest, any reasonable attorney's fees as determined by the Court, plus the costs of suit and other such relief as the Court believes is just and proper.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays for the following relief:

1.      That process issue;

2.      That Defendant be served as the law provides;

3.      That the case be heard by a jury

4.      That the Plaintiff be awarded special, general, compensatory, punitive and all further permissible damages for costs, expenses and losses sustained by the Plaintiff, for past, present, and future, $500,000 from the defendants, in harmony with the enlightened conscience of an impartial jury;

5.      That Plaintiff be awarded any attorney's fees on account and expenses of litigation; and

6.      For such other and further relief as this court deems just and equitable.

I declare under penalty of perjury under the law of the State of Pennsylvania that the foregoing is true and correct.

RESPECTFULLY SUBMITTED AND DATED this 27th day of June, 2022

Michael Pricharda

534 Walnut St., Apt 2.

Reading, PA 19601

Telephone:  484-966-1553

Email:  mpricharda@gmail.com

Plaintiff, In Proper Person

Received County of Berks Prothonotary's Office on 7/6/2022 12:06:29 PM  Prothonotary Docket No. 22-10972

**BERKS COUNTY**

**Prothonotary Office**

7/6/2022 12:05:24 PM plbinas
#169564

```
***Docket Number: 22-10972 Complaint
   Contract - Other                    187.75
      Filing Fee          142.00
      State Writ Tax        6.50
      PAF                   5.00
      JCP                  40.25
   eFiling Fee                          15.00

Total:                                 202.75

   Money Order                         202.75
Total Payments:                        202.75

Change Due:                              0.00
```

Received County of Berks Prothonotary's Office on 7/6/2022 12:06:29 PM  Prothonotary Docket No. 22-10972

# EXHIBIT B

Received County of Berks Prothonotary's Office on 7/18/2022 1:34:58 PM  Prothonotary Docket No. 22-10972

Michael Pricharda

534 Walnut St. Apt 2                                            Plaintiff, in Proper Person

Reading, PA 19601

484-966-1553

mpricharda@gmail.com

---

Michael Pricharda              **COURT OF COMMON PLEAS OF BERKS COUNTY**

    Plaintiff,                **READING, PENNSYLVANIA**

    vs.

Havas Street

    Defendant,

T-Mobile USA Inc.                       CASE NUMBER:  22-10972

    Defendant.                  **JURY TRIAL DEMANDED**

---

### CERTIFICATE OF SERVICE

---

    I, Michael Pricharda, certify that on 07/07/2022, the original Plaintiff's Complaint was served upon the following parties by First Class Mail, sent certified mail/return receipt requested and first-class mail, postage prepaid to the address as follows:

810 Parkview Drive North, El Segundo, CA 90245,

&

12920 SE 38th St, Bellevue, WA 98006.

    This Certificate is made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsifications to authorities.

By:_____

Michael Pricharda

Plaintiff, in Proper Person



Service of Complaint upon 22-10972
Berks County Prothonotary Office
*5410524 R*   7/18/2022  1:33 PM

# EXHIBIT C

Received County of Berks Prothonotary's Office on 07/27/2022 10:06 AM Prothonotary Docket No. 22-10972

THE AXELROD FIRM, PC
By: SHERYL L. AXELROD, ESQ.   *Attorneys for Defendant*
ID No. 70959                            T-Mobile USA, Inc.
100 East Penn Square
Suite 400
Philadelphia, PA 19107
Tel: (267) 918-4526
Fax: 215.238.1779
saxelrod@theaxelrodfirm.com

| | | |
|---|---|---|
| | : | |
| MICHAEL PRICHARDA | : | COURT OF COMMON PLEAS |
| | : | OF BERKS COUNTY |
| Plaintiff. | : | |
| v. | : | READING, PENNSYLVANIA |
| | : | |
| HAVAS STREET | : | CASE NUMBER: 22-10972 |
| Defendant. | : | |
| | : | |
| T-MOBILE USA, INC. | : | |
| | : | |
| Defendant. | : | |
| | : | |

## <u>ENTRY OF APPEARANCE</u>

Kindly enter the appearance of Sheryl L. Axelrod, Esquire on behalf of Defendant T-Mobile USA, Inc. in the above-captioned matter.


Date:   July 26, 2022         BY:   /s/ *Sheryl L. Axelrod*
                                          SHERYL L. AXELROD, ESQUIRE
                                          ID No. 70959
                                          100 East Penn Square
                                          Suite 400
                                          Philadelphia, PA 19107
                                          Tel: (267) 918-4526
                                          Fax: 215.238.1779
                                          saxelrod@theaxelrodfirm.com

                                          *Attorneys for Defendant T-Mobile USA, Inc.*

Received County of Berks Prothonotary's Office on 07/27/2022 10:06 AM Prothonotary Docket No. 22-10972

## CERTIFICATE OF SERVICE

I, Sheryl L. Axelrod, do hereby certify that a true and correct copy of the attached Entry of Appearance on behalf of Defendant T-Mobile USA, Inc. was served upon all parties on July 26, 2022 as follows:

Via email at mpricharda@gmail.com
Michael Pricharda
534 Walnut Street
Apt. 2
Reading, PA 19601

Via email at cadena@havasstreet.com
Havas Street
810 Parkview Drive North
El Segundo, CA 90245

Respectfully Submitted,

BY:     /s/ *Sheryl L. Axelrod*
SHERYL L. AXELROD

2

# EXHIBIT D

Received County of Berks Prothonotary's Office on 07/27/2022 10:06 AM Prothonotary Docket No. 22-10972

THE AXELROD FIRM, PC    *Attorney for Defendant, T-Mobile USA, Inc.*
By: SHERYL L. AXELROD, ESQUIRE
ID No. 70959
100 E. Penn Square
Suite 400
Philadelphia, PA 19107
Telephone: 267.918.4526
Fax: 215.238.1779
saxelrod@theaxelrodfirm.com

| | | |
|---|---|---|
| **MICHAEL PRICHARDA** | : | COURT OF COMMON PLEAS |
| | : | |
| Plaintiff, | : | BERKS COUNTY |
| | : | |
| v. | : | No. 22-10972 |
| | : | |
| **HAVAS STREET, et al.** | : | |
| Defendants. | : | |

## PRAECIPE FOR ARGUMENT

TO THE PROTHONOTARY:

Kindly list the Preliminary Objections of Defendant, T-Mobile USA, Inc., to Plaintiff's

Complaint for argument on the Civil Court Argument List for Monday, October 3, 2022.  The

assigned Judge in this matter is Judge Jeffrey K. Sprecher.

      Respectfully Submitted,

      THE AXELROD FIRM, PC

Date:   July 26, 2022  BY: */s/ Sheryl L. Axelrod*
        SHERYL L. AXELROD, ESQUIRE
        ID No. 70959
        100 E. Penn Square, Suite 400
        Philadelphia, PA 19107
        Telephone: 215.461.1769
        Fax: 215.238.1779
        saxelrod@theaxelrodfirm.com
        *Attorney for Defendant T-Mobile USA, Inc.*

# EXHIBIT E

Received County of Berks Prothonotary's Office on 07/27/2022 10:06 AM Prothonotary Docket No. 22-10972

_____

| | | |
|---|---|---|
| **MICHAEL PRICHARDA** | : | COURT OF COMMON PLEAS |
| | : | |
| Plaintiff, | : | BERKS COUNTY |
| | : | |
| v. | : | No. 22-10972 |
| | : | |
| **HAVAS STREET, et al.** | : | |
| Defendants. | : | |

_____:

### SECOND ALTERNATE ORDER

AND NOW, on this _____ day of _____, 2022 upon consideration of the Preliminary Objections of Defendant, T-Mobile USA, Inc. ("Defendant T-Mobile") to Plaintiff's Complaint, it is hereby **ORDERED** and **DECREED** that Defendant T-Mobile's Preliminary Objections II and III are **SUSTAINED**.

**IT IS FURTHER ORDERED:**

1. Plaintiff's request for "punitive" damages is hereby stricken from the Prayer for Relief in Plaintiff's Complaint;

2. Plaintiff shall plead whether there is an agreement in writing and if there is, attach it and if it is not in writing, to set forth its substance, within twenty (20) days of the date of this Order; and

3. Plaintiff shall specifically state what special damages he is alleging in his Complaint within twenty (20) days of the date of this Order.

_____
                                                                    J.

# EXHIBIT F

Received County of Berks Prothonotary's Office on 07/27/2022 10:06 AM Prothonotary Docket No. 22-10972

_____

| | | |
|---|---|---|
| **MICHAEL PRICHARDA** | : | COURT OF COMMON PLEAS |
| | : | |
| Plaintiff, | : | BERKS COUNTY |
| | : | |
| v. | : | No. 22-10972 |
| | : | |
| **HAVAS STREET, et al.** | : | |
| Defendants. | : | |

_____:

## **ALTERNATE ORDER**

AND NOW, on this _____ day of _____, 2022 upon consideration of the

Preliminary Objections of Defendant, T-Mobile USA, Inc. ("Defendant T-Mobile") to Plaintiff's

Complaint, it is hereby **ORDERED** and **DECREED** that Defendant T-Mobile's Preliminary

Objections II and III are **SUSTAINED**.

**IT IS FURTHER ORDERED:**

1.  Plaintiff's requests for "special" and "punitive" damages are hereby stricken from the Prayer
    for Relief in Plaintiff's Complaint;

2.  Count C of Plaintiff's Complaint is stricken, in its entirety; and

3.  Count D of Plaintiff's Complaint is stricken, in its entirety.

_____
                                                                                        J.

# EXHIBIT G

—

—

Received County of Berks Prothonotary's Office on 07/27/2022 10:06 AM Prothonotary Docket No. 22-10972

_____

| | | |
|---|---|---|
| **MICHAEL PRICHARDA** | : | COURT OF COMMON PLEAS |
| | : | |
| Plaintiff, | : | BERKS COUNTY |
| | : | |
| v. | : | No. 22-10972 |
| | : | |
| **HAVAS STREET, et al.** | : | |
| Defendants. | : | |

_____:

## <u>ORDER</u>

AND NOW, on this _____ day of _____, 2022 upon consideration of the

Preliminary Objections of Defendant, T-Mobile USA, Inc. ( "Defendant T-Mobile") to Plaintiff's

Complaint, it is hereby **ORDERED** and **DECREED** that Defendant T-Mobile's Preliminary

Objections are **SUSTAINED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is STRICKEN, in its entirety, as to

Defendant T-Mobile.

_____
J.

# EXHIBIT H

Received County of Berks Prothonotary's Office on 07/27/2022 10:06 AM Prothonotary Docket No. 22-10972

_____

| | | |
|---|---|---|
| **MICHAEL PRICHARDA** | : | COURT OF COMMON PLEAS |
| | : | |
| Plaintiff, | : | BERKS COUNTY |
| | : | |
| v. | : | No. 22-10972 |
| | : | |
| **HAVAS STREET, et al.** | : | |
| Defendants. | : | |

_____:

## ORDER

AND NOW, on this _____ day of _____, 2022 upon consideration of the Preliminary Objections of Defendant, T-Mobile USA, Inc. ( "Defendant T-Mobile") to Plaintiff's Complaint, it is hereby **ORDERED** and **DECREED** that Defendant T-Mobile's Preliminary Objections are **SUSTAINED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is STRICKEN, in its entirety, as to Defendant T-Mobile.

_____
                                                                    J.

Received County of Berks Prothonotary's Office on 07/27/2022 10:06 AM Prothonotary Docket No. 22-10972

_____

| | | |
|---|---|---|
| **MICHAEL PRICHARDA** | : | COURT OF COMMON PLEAS |
| | : | |
| Plaintiff, | : | BERKS COUNTY |
| | : | |
| v. | : | No. 22-10972 |
| | : | |
| **HAVAS STREET, et al.** | : | |
| Defendants. | : | |

_____:

### ALTERNATE ORDER

AND NOW, on this _____ day of _____, 2022 upon consideration of the

Preliminary Objections of Defendant, T-Mobile USA, Inc. ("Defendant T-Mobile") to Plaintiff's

Complaint, it is hereby **ORDERED** and **DECREED** that Defendant T-Mobile's Preliminary

Objections II and III are **SUSTAINED**.

**IT IS FURTHER ORDERED:**

1. Plaintiff's requests for "special" and "punitive" damages are hereby stricken from the Prayer
   for Relief in Plaintiff's Complaint;

2. Count C of Plaintiff's Complaint is stricken, in its entirety; and

3. Count D of Plaintiff's Complaint is stricken, in its entirety.



_____
                                                        J.

Received County of Berks Prothonotary's Office on 07/27/2022 10:06 AM Prothonotary Docket No. 22-10972

_____

**MICHAEL PRICHARDA**              :          COURT OF COMMON PLEAS
                                   :
                   Plaintiff,      :          BERKS COUNTY
                                   :
           v.                      :          No. 22-10972
                                   :
**HAVAS STREET, et al.**           :
                   Defendants.     :
_____:

## <u>SECOND ALTERNATE ORDER</u>

AND NOW, on this _____ day of _____, 2022 upon consideration of the Preliminary Objections of Defendant, T-Mobile USA, Inc. ("Defendant T-Mobile") to Plaintiff's Complaint, it is hereby **ORDERED** and **DECREED** that Defendant T-Mobile's Preliminary Objections II and III are **SUSTAINED**.

**IT IS FURTHER ORDERED:**

1.  Plaintiff's request for "punitive" damages is hereby stricken from the Prayer for Relief in Plaintiff's Complaint;

2.  Plaintiff shall plead whether there is an agreement in writing and if there is, attach it and if it is not in writing, to set forth its substance, within twenty (20) days of the date of this Order; and

3.   Plaintiff shall specifically state what special damages he is alleging in his Complaint within twenty (20) days of the date of this Order.

_____
                                          J.

Received County of Berks Prothonotary's Office on 07/27/2022 10:06 AM Prothonotary Docket No. 22-10972

THE AXELROD FIRM, PC                    *Attorney for Defendant, T-Mobile USA, Inc.*
By: SHERYL L. AXELROD, ESQUIRE
ID No. 70959
100 E. Penn Square
Suite 400
Philadelphia, PA 19107
Telephone: 267.918.4526
Fax: 215.238.1779
saxelrod@theaxelrodfirm.com

_____

| | | |
|---|---|---|
| **MICHAEL PRICHARDA** | : | COURT OF COMMON PLEAS |
| | : | |
| Plaintiff, | : | BERKS COUNTY |
| | : | |
| v. | : | No. 22-10972 |
| | : | |
| **HAVAS STREET, et al.** | : | |
| Defendants. | : | |

_____

## PRAECIPE FOR ARGUMENT

TO THE PROTHONOTARY:

Kindly list the Preliminary Objections of Defendant, T-Mobile USA, Inc., to Plaintiff's

Complaint for argument on the Civil Court Argument List for Monday, October 3, 2022.  The

assigned Judge in this matter is Judge Jeffrey K. Sprecher.

Respectfully Submitted,

THE AXELROD FIRM, PC

Date:   July 26, 2022          BY:   */s/ Sheryl L. Axelrod*
                                     SHERYL L. AXELROD, ESQUIRE
                                     ID No. 70959
                                     100 E. Penn Square, Suite 400
                                     Philadelphia, PA 19107
                                     Telephone: 215.461.1769
                                     Fax: 215.238.1779
                                     saxelrod@theaxelrodfirm.com
                                     *Attorney for Defendant T-Mobile USA, Inc.*

Received County of Berks Prothonotary's Office on 07/27/2022 10:06 AM Prothonotary Docket No. 22-10972

THE AXELROD FIRM, PC            *Attorney for Defendant, T-Mobile USA, Inc.*
By: SHERYL L. AXELROD, ESQUIRE
ID No. 70959
100 E. Penn Square
Suite 400
Philadelphia, PA 19107
Telephone: 267.918.4526
Fax: 215.238.1779
saxelrod@theaxelrodfirm.com
_____

| | | |
|---|---|---|
| **MICHAEL PRICHARDA** | : | COURT OF COMMON PLEAS |
| | : | |
| Plaintiff, | : | BERKS COUNTY |
| | : | |
| v. | : | No. 22-10972 |
| | : | |
| **HAVAS STREET, et al.** | : | |
| Defendants. | : | |

**PRELIMINARY OBJECTIONS OF DEFENDANT T-MOBILE USA, INC. TO
PLAINTIFF'S COMPLAINT**

Defendant T-Mobile USA, Inc. ("Defendant T-Mobile") by and through its undersigned

counsel, hereby files the within Preliminary Objections to Plaintiff's Complaint, and in support

thereof avers as follows:

I.       **Preliminary Objection I – Legal Insufficiency (Demurrer) of Pleading Under Pa.
         R.C.P. 1028 (a)(4) as to Counts A - F**

         a.  **Legal Standard**

1.  Under Pennsylvania Rule of Civil Procedure 1028(a)(4), preliminary objections are

    appropriate when a pleading lacks legal sufficiency (demurrer).

2.  Upon demurrer, while a reviewing court must regard as true all well pleaded <u>facts</u> and

    reasonable inferences therefrom, *see Klein v. Raysinger*, 470 A.2d 507, 508 (Pa. 1983),

    "the court need not accept as true <u>conclusions of law, unwarranted inferences from the</u>

Received County of Berks Prothonotary's Office on 07/27/2022 10:06 AM Prothonotary Docket No. 22-10972

facts, argumentative allegations, or expressions of opinion." *Penn Title Ins. Co. v. Deshler*, 661 A.2d 481, 483 (Pa. Commw. 1995) (emphasis supplied).

3.  "A preliminary objection in the nature of a demurrer must be sustained where it is clear and free from doubt that the law will not permit recovery under the facts alleged." *Petsinger v. Dept. of Labor & Indus.*, 988 A.2d 748, 753 (Pa. Commw. 2010) (citations omitted).

   **b.   Count A – "Gross Negligence, Negligence by Variable Liability"**

4.  In his Complaint, Plaintiff alleges that he was an employee of "Defendant 1," which Plaintiff defines in his Complaint as Defendant Havas Street. *See* Plaintiff's Complaint, attached as **Exhibit A**, at ¶¶ 2, 5.

5.  In his Complaint, Plaintiff does not allege that he was an employee of Defendant T-Mobile.

6.  Instead, in his Complaint, Plaintiff alleges that "Defendant 2 [which Plaintiff defines in his Complaint as Defendant T-Mobile] is responsible for not providing proper coverage in an area they were running a marketing promotion for themselves in, creating the chain of events that led to two wrongful terminations." *Id.* at ¶ 16.

7.  However, under the facts pleaded by Plaintiff in his Complaint, there is no proximate causation between Defendant T-Mobile's alleged failure to "provide[] proper coverage," as alleged by Plaintiff (which Defendant T-Mobile denies) and Plaintiff's alleged damages.

8.  Indeed, in Count A of Plaintiff's Complaint, Plaintiff pleads that Plaintiff's alleged damages were caused "[a]s a result of the **Defendant 1's** [Havas Street's] failure and/or refusal to provide proper grievance appeals and/or support and complete their obligations under the employment contract and the need to commence this action." *Id.* at ¶ 26 (emphasis supplied).

Received County of Berks Prothonotary's Office on 07/27/2022 10:06 AM Prothonotary Docket No. 22-10972

9. In Count A of Plaintiff's Complaint, Plaintiff makes no similar allegation concerning the connection between any action or inaction on the part of Defendant T-Mobile and Plaintiff's alleged damages.

10. Any allegation that may be inferred to endeavor to establish such a connection would not be sufficient to be its proximate cause, and causation is required to establish a negligence claim *See Atcovitz v. Gulph Mills Tennic Club, Inc.*, 812 A.2d 1218, 1222 (Pa. 2002) (recognizing that the required elements of a negligence claim include a causal connection between the actor's breach and the plaintiff's alleged injury).

11. As such, Count A of Plaintiff's Complaint must be stricken in its entirety as to Defendant T-Mobile.

### c.  **Count B – "Loss of Future Wages"**

12. Similarly, Count B of Plaintiff's Complaint makes allegations concerning the alleged refusal of Defendant 1, Havas Street, to re-employ Plaintiff (*see id.* at ¶ 28), and, allegedly, "[a]s a result of **Defendant 1's** [Havas Street's] irreconciliation and the need to commence this action," Plaintiff alleged sustained damages (*id.* at ¶ 29 (emphasis supplied)).

13. Again, nowhere does Plaintiff plead any alleged wrongdoing on the part of Defendant T-Mobile in this Count, or any connection between any action or inaction on the part of Defendant T-Mobile and Plaintiff's alleged damages to establish the required proximate causation.

14. Any allegation that may be inferred to endeavor to establish such a connection would not be sufficient to be its proximate cause, as is required to establish a negligence claim. *See Atcovitz, supra.*

Received County of Berks Prothonotary's Office on 07/27/2022 10:06 AM Prothonotary Docket No. 22-10972

15. As such, Count B of Plaintiff's Complaint must be stricken in its entirety as to Defendant T-Mobile.

**d.  <u>Count C – "Breach of Contract"</u>**

16. In Count C of his Complaint, Plaintiff's endeavors to plead a claim for alleged breach of contract, alleging that Plaintiff has an "employment contract" with Defendant 1 (Havas Street).  *See id.* at ¶ 31.

17. However, Plaintiff does not plead that there was a valid, enforceable contract between Plaintiff and Defendant T-Mobile.

18. In Count C of Plaintiff's Complaint, Plaintiff proceeds to list the alleged breaches of this contract **by Defendant 1 (Havas Street) only** (*see id.* at ¶¶  32 – 34), and then alleges that his alleged damages were caused "[a]s a result of Defendant 1's [Havas Street's] failure and/or refusal to provide conflict resolution, services and support and complete their obligations under the contract" (*id.* at ¶ 37).

19. Again, in addition to failing to plead any valid and enforceable contract between Defendant T-Mobile and Plaintiff, in Count C of Plaintiff's Complaint, Plaintiff further fails to plead any wrongdoing on the part of Defendant T-Mobile, or any alleged damages sustained by Plaintiff as a result of any conduct on the part of Defendant T-Mobile.

20. Any allegation that may be inferred to endeavor to establish such a connection would again not be sufficient to be its proximate cause.  *See Atcovitz*, *supra*.

21. As such, Count C of Plaintiff's Complaint must be stricken in its entirety as to Defendant T-Mobile.

Received County of Berks Prothonotary's Office on 07/27/2022 10:06 AM Prothonotary Docket No. 22-10972

### e.   Count D – "Contract Implied in Fact"

22. In Count D of Plaintiff's Complaint, Plaintiff fails to plead that there was any alleged "contract implied in fact" between Plaintiff and Defendant T-Mobile.

23. Yet again, in Count D of his Complaint, Plaintiff alleges only the claimed existence of a contract between Plaintiff and Defendant 1 (Havas Street).  *See id.* at ¶ 39.

24. Indeed, Plaintiff pleads only that "Defendant 1 [Havas Street] is in breach of the aforesaid contract implied in fact." *Id.* at ¶ 40.

25. Further, Plaintiff alleges only that his alleged damages were caused "[a]s a result of Defendant 1's [Havas Street's] failure and/or refusal to provide conflict resolution, services and support and complete their obligations under the contract." *Id.* at ¶ 41.

26. Again, in Count D of Plaintiff's Complaint, in addition to failing to plead any implied contract between Defendant T-Mobile and Plaintiff, Plaintiff further fails to plead any wrongdoing on the part of Defendant T-Mobile or any alleged damages sustained by Plaintiff as a result of any conduct on the part of Defendant T-Mobile.

27. Any allegation that may be inferred to endeavor to establish such a connection would again not be sufficient to be its proximate cause. *See Atcovitz*, *supra*.

28. As such, Count D of Plaintiff's Complaint must be stricken in its entirety as to Defendant T-Mobile.

### f.   Count E – "Intentional Infliction of Emotional Distress"

29. In Count E of Plaintiff's Complaint, Plaintiff alleges that "Defendants have harmed the Plaintiff by intentionally refusing mediation and not attempting to resolve the Plaintiff's wrongful termination, and ignoring all requests for remediation, and has caused the Plaintiff mental anguish and emotional distress."  *Id.* at ¶ 43.

Received County of Berks Prothonotary's Office on 07/27/2022 10:06 AM Prothonotary Docket No. 22-10972

30. Initially, Plaintiff admits that it was Defendant Havas Street, and not Defendant T-Mobile, who was Plaintiff's employer. *See id.* at ¶ 41.

31. As such, Defendant T-Mobile had no duty to "resolve the Plaintiff's [alleged] wrongful termination."

32. Additionally, Pennsylvania courts have been reluctant to fully adopt the tort of intentional infliction of emotional distress under the Second Restatement of Torts. *See Hoy v. Angelone,* 720 A.2d 753 - 54 (Pa. 1998).

33. Indeed, courts will only recognize such claims when a plaintiff establishes that a defendant, by extreme and outrageous conduct, intentionally or recklessly caused severe emotional distress to another. *See id.*

34. Thus, the tort of intentional infliction of emotional distress is usually recognized in Pennsylvania only when the degree of the defendant's conduct is clearly extreme or outrageous. *See id.*

35. As one court described:  "[T]he conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in any civilized society ... [I]t has not been enough that the defendant has acted with intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice,' or a degree of aggravation that would entitle the plaintiff to punitive damages for another tort." *Toney v. Chester Cnty. Hosp*., 961 A.2d 192, 202 (Pa, Super. Ct. 2008), *aff'd*, 36 A.3d 83 (Pa. 2011).

36. Here, Plaintiff has not pleaded with particularity the conduct causing his alleged emotional distress, and there is no allegation that the conduct was extreme or outrageous. *See Jones*

Received County of Berks Prothonotary's Office on 07/27/2022 10:06 AM Prothonotary Docket No. 22-10972

*v. Magobet*, No. 2632CV2014, 2014 Pa. Dist. & Cnty. Dec. LEXIS 1297 (Monroe Cnty. Sept. 22, 2014) (sustaining preliminary objections in the nature of demurrer to the plaintiff's intentional infliction of emotional distress claim when plaintiff failed to plead the minimum requirements of the tort, as plaintiff failed to identify, with particularity, the conduct that caused the alleged emotional distress and failed to make any allegations that any alleged conduct was extreme or outrageous).

37. As such, Count E of Plaintiff's Complaint must be stricken in its entirety as to Defendant T-Mobile.

### g.  **Count F – "Wrongful Termination"**

38. In Count F of Plaintiff's Complaint, Plaintiff alleges wrongful termination on the part of Defendant 1 (Havas Street).  *See* **Exhibit A** at ¶ 46.

39. Plaintiff does not plead any wrongdoing on the part of Defendant T-Mobile in Count F of his Complaint, nor does he allege that he sustained any damages that were proximately caused by Defendant T-Mobile.

40. Indeed, Plaintiff admits that it was Defendant Havas Street, and not Defendant T-Mobile, who was Plaintiff's employer.  *See id.* at ¶¶ 2, 5.

41. As such, Plaintiff cannot sustain any claim for wrongful termination against Defendant T-Mobile.

42. Therefore, Count F of Plaintiff's Complaint must be stricken in its entirety as to Defendant T-Mobile.

**WHEREFORE**, Defendant T-Mobile USA, Inc., respectfully requests that the Court sustain Defendant's Preliminary Objection I and strike Plaintiff's Complaint against Defendant, T-Mobile USA, Inc., in its entirety.

Received County of Berks Prothonotary's Office on 07/27/2022 10:06 AM Prothonotary Docket No. 22-10972

**II.  Preliminary Objection II – Legal Insufficiency (Demurrer) of Pleading Under Pa. R.C.P. 1028 (a)(4) as to Prayer for Relief – Request for "Punitive" Damages**

43. If the Court overrules Defendant T-Mobile's Preliminary Objection I, in whole or in part (and Defendant T-Mobile denies that it should), Defendant T-Mobile respectfully requests that this Court strike Plaintiff's request for punitive damages.

44. Plaintiff's Prayer for Relief seeks, *inter alia,* punitive damages.  *See id.* at Prayer for Relief, No. 4.

45. Plaintiff's claims for punitive damages must be stricken, as such relief is not supported by the facts pleaded in Plaintiff's Complaint, and Plaintiff is not entitled to such relief.

46. The Restatement (Second) of Torts §908 provides:

> (1) "Punitive damages are damages, other than compensatory or nominal damages, awarded against a person to punish him for his outrageous conduct and to deter him and others like him from similar conduct in the future."

> (2)  "Punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others . . ."

47. Punitive damages must be based on conduct which is malicious, reckless, willful, or oppressive.

48. In fact, the imposition of punitive damages is appropriate "only where the conduct complained of is especially egregious."  *Sensenig v. Spring Glen Farm Kitchen, Inc*., 16 Pa. D & C. 4th 394, 399 (Lancaster Cnty. 1992) (citations omitted) (internal quotations omitted); *see also Phillips v. Cricket Lighters*, 584 Pa. 179 (2005) (punitive damages are an extreme remedy available in only the most exceptional matters); *McCellan v. Health Maintenance Organization of Pennsylvania*, 413 Pa. Super. 128 (1992) (punitive damages are awarded to punish tortfeasors for outrageous conduct, committed with a view to oppress in contempt of plaintiff's rights).

Received County of Berks Prothonotary's Office on 07/27/2022 10:06 AM Prothonotary Docket No. 22-10972

49. Here, Plaintiff does not plead any malicious, reckless, willful, or oppressive conduct on the part of Defendant T-Mobile to warrant a request for punitive damages.

50. As such, Plaintiff's request for punitive damages must be stricken from his Prayer for Relief.

**WHEREFORE**, Defendant T-Mobile USA, Inc. respectfully requests that the Court sustain Defendant's Preliminary Objection II and strike Plaintiff's request for "punitive" damages from Plaintiff's Complaint.

### III.    Preliminary Objection III – Failure of Pleading to Conform to Rule of Court Under Pa.R.C.P. 1028 (a)(2)

51. If the Court overrules Defendant T-Mobile's Preliminary Objection I (and Defendant T-Mobile denies that it should), Defendant T-Mobile respectfully requests that this Court strike Counts C and D of Plaintiff's Complaint in their entirety, as well as Plaintiff's request for "special" damages, for failure to conform to rule of court.

#### a.    Counts C and D of Plaintiff's Complaint

52. In Count C of Plaintiff's Complaint, Plaintiff endeavors to bring a cause of action for breach of contract, while in Count D, Plaintiff attempts to assert a cause of action for alleged "contract implied in fact."

53. Pennsylvania Rule of Civil Procedure 1019 (h) provides that "[w]hen a claim or defense is based upon an agreement, the pleading shall state specifically whether the agreement is oral or written."

54. Further, Pennsylvania Rule of Civil Procedure 1019 (i) provides that "[w]hen any claim or defense is based upon a writing, the pleader shall attach a copy of the writing, or the material part thereof, but if the writing or copy is not accessible to the pleader, it is sufficient so to state, together with the reason, and to set forth the substance of the writing."

Received County of Berks Prothonotary's Office on 07/27/2022 10:06 AM Prothonotary Docket No. 22-10972

55. Plaintiff's claims for alleged breach of contract and "contract implied in fact" are based upon an alleged agreement, but Plaintiff does not specify whether the alleged agreement is oral or written, in violation of Pennsylvania Rule of Civil Procedure 1019(h).

56. Further, if the alleged agreement is written, Plaintiff does not attach a copy of the writing, or even set forth the substance of the writing, in violation of Pennsylvania Rule of Civil Procedure 1019(i).

57. Accordingly, Counts C and D of Plaintiff's Complaint should be stricken in their entirety or in the alternative, Plaintiff should be required to plead whether there is an agreement in writing and if there is, to attach it and if it is not in writing, to set forth its substance, pursuant to Pennsylvania Rule of Civil Procedure 1019(h) and (i).

**b. Plaintiff's Request for "Special" Damages in his Prayer for Relief**

58. Plaintiff's Prayer for Relief seeks, *inter alia,* "special" damages.  *See* **Exhibit A** at Prayer for Relief, No. 4.

59. Pennsylvania Rule of Civil Procedure 1019 (f) provides that "items of special damages shall be specifically stated."

60. Here, though Plaintiff alleges special damages, he does not specifically state what special damages he is alleging, in violation of Pennsylvania Rule of Civil Procedure 1019 (f).

61. As such, Plaintiff's request for special damages should be stricken from his Complaint for failure to conform to rule of court or in the alternative, require Plaintiff to specifically state what special damages he is alleging, pursuant to Pennsylvania Rule of Civil Procedure 1019(f).

**WHEREFORE**, Defendant T-Mobile USA, Inc. respectfully requests that the Court

Received County of Berks Prothonotary's Office on 07/27/2022 10:06 AM Prothonotary Docket No. 22-10972

sustain Defendant's Preliminary Objection III and:

    a.  strike Counts C and D of Plaintiff's Complaint, in their entirety, or in the alternative, Plaintiff should be required to plead whether there is an agreement in writing and if it is, to attach it and if it is not in writing, to set forth its substance, pursuant to Pennsylvania Rule of Civil Procedure 1019(h) and (i), and

    b.  strike Plaintiff's request for "special" damages from the Prayer for Relief in Plaintiff's Complaint, for failure to conform to rule of court or in the alternative, require Plaintiff to specifically state what special damages he is alleging, pursuant to Pennsylvania Rule of Civil Procedure 1019(f).

## IV.   <u>Conclusion</u>

WHEREFORE, for the foregoing reasons, Defendant T-Mobile USA, Inc. respectfully requests that the Court sustain its Preliminary Objection I and dismiss Plaintiff's Complaint, in its entirety, as to Defendant T-Mobile USA, Inc.

In the alternative, Defendant T-Mobile USA, Inc. respectfully requests that the Court sustain its Preliminary Objections II and III and:

    a.  Strike Plaintiff's request for "special" and "punitive" damages from the Prayer for Relief in Plaintiff's Complaint;

    b.  Strike Count C of Plaintiff's Complaint, in its entirety; and

    c.  Strike Court D of Plaintiff's Complaint, in its entirety.

In the alternative, Defendant T-Mobile USA, Inc., respectfully requests that the Court sustain its Preliminary Objections II and III and:

    a.  Strike Plaintiff's request for "punitive" damages from the Prayer for Relief in Plaintiff's Complaint;

11

Received County of Berks Prothonotary's Office on 07/27/2022 10:06 AM Prothonotary Docket No. 22-10972

b.  Require Plaintiff to plead whether there is an agreement in writing and if there is, to attach it and if it is not in writing, to set forth its substance;

c.  Require Plaintiff to specifically state what special damages he is alleging.

Respectfully Submitted,

THE AXELROD FIRM, PC

Date:   July 26, 2022          BY:   */s/ Sheryl L. Axelrod*
SHERYL L. AXELROD, ESQUIRE
ID No. 70959
100 E. Penn Square
Suite 400
Philadelphia, PA 19107
Telephone: 215.461.1769
Fax: 215.238.1779
saxelrod@theaxelrodfirm.com
*Attorney for Defendant T-Mobile USA, Inc.*

Received County of Berks Prothonotary's Office on 07/27/2022 10:06 AM Prothonotary Docket No. 22-10972

THE AXELROD FIRM, PC                           *Attorney for Defendant, T-Mobile USA, Inc.*
By: SHERYL L. AXELROD, ESQUIRE
ID No. 70959
100 E. Penn Square
Suite 400
Philadelphia, PA 19107
Telephone: 267.918.4526
Fax: 215.238.1779
saxelrod@theaxelrodfirm.com

| | | |
|---|---|---|
| **MICHAEL PRICHARDA** | : | COURT OF COMMON PLEAS |
| | : | |
| Plaintiff, | : | BERKS COUNTY |
| | : | |
| v. | : | No. 22-10972 |
| | : | |
| **HAVAS STREET, et al.** | : | |
| Defendants. | : | |

### BRIEF IN SUPPORT OF THE PRELIMINARY OBJECTIONS OF DEFENDANT T-MOBILE USA, INC.TO PLAINTIFF'S COMPLAINT

**I.     STATEMENT OF QUESTIONS INVOLVED**

1.  Should the Court sustain Preliminary Objection I of Defendant, T-Mobile USA, Inc. ("Defendant T-Mobile"), to Plaintiff's Complaint and strike Plaintiff's Complaint, in its entirety, as to Defendant T-Mobile for legal insufficiency (demurrer) under Pa. R.C.P. 1028 (a)(4)?

    *Suggested Answer: Yes.*

2.  In the alternative, should the Court sustain Defendant T-Mobile's Preliminary Objections II and III to Plaintiff's Complaint and strike Plaintiff's request for "punitive" and "special" damages from the Prayer for Relief in his Complaint, and strike Counts C and D of Plaintiff's Complaint, in their entirety?

    *Suggested Answer: Yes*

Received County of Berks Prothonotary's Office on 07/27/2022 10:06 AM Prothonotary Docket No. 22-10972

## II.     STATEMENT OF THE CASE

Plaintiff has filed a Complaint against Defendant T-Mobile, as well as another Defendant, Havas Street, alleging numerous causes of action including: a) "Gross Negligence, Negligence by Variable Liability;" (b) "Loss of Future Wages;" (c) "Breach of Contract;" (d) "Contract Implied by Fact;" (e) "Intentional Infliction of Emotional Distress;" and (f) "Wrongful Termination." In his Complaint, Plaintiff admits that he was an employee of "Defendant 1," which Plaintiff defines in his Complaint as Defendant Havas Street. *See* Plaintiff's Complaint, attached as **Exhibit A**, at ¶¶ 2, 5.   Plaintiff's Complaint does not allege that Plaintiff was an employee of T-Mobile.

## III.    ARGUMENT

## I.     Preliminary Objection I – Legal Insufficiency (Demurrer) of Pleading Under Pa. R.C.P. 1028 (a)(4) as to Counts A - F

### a.  Legal Standard

Under Pennsylvania Rule of Civil Procedure 1028(a)(4), preliminary objections are appropriate when a pleading lacks legal sufficiency (demurrer).   Upon demurrer, while a reviewing court must regard as true all well pleaded <u>facts</u> and reasonable inferences therefrom, *see Klein v. Raysinger*, 470 A.2d 507, 508 (Pa. 1983), "the court need not accept as true <u>conclusions of law, unwarranted inferences from the facts, argumentative allegations, or expressions of opinion</u>." *Penn Title Ins. Co. v. Deshler*, 661 A.2d 481, 483 (Pa. Commw. 1995) (emphasis supplied).   "A preliminary objection in the nature of a demurrer must be sustained where it is clear and free from doubt that the law will not permit recovery under the facts alleged." *Petsinger v. Dept. of Labor & Indus.*, 988 A.2d 748, 753 (Pa. Commw. 2010) (citations omitted).

### b.  Count A – "Gross Negligence, Negligence by Variable Liability"

In his Complaint, Plaintiff does not allege that he was an employee of Defendant T-Mobile. Instead, in his Complaint, Plaintiff alleges that "Defendant 2 [which Plaintiff defines in his

Received County of Berks Prothonotary's Office on 07/27/2022 10:06 AM Prothonotary Docket No. 22-10972

Complaint as Defendant T-Mobile] is responsible for not providing proper coverage in an area they were running a marketing promotion for themselves in, creating the chain of events that led to two wrongful terminations." *Id.* at ¶ 16.

However, under the facts pleaded by Plaintiff in his Complaint, there is no proximate causation between Defendant T-Mobile's alleged failure to "provide[] proper coverage," as alleged by Plaintiff (which Defendant T-Mobile denies) and Plaintiff's alleged damages. Indeed, in Count A of Plaintiff's Complaint, Plaintiff pleads that Plaintiff's alleged damages were caused "[a]s a result of the **Defendant 1's** [Havas Street's] failure and/or refusal to provide proper grievance appeals and/or support and complete their obligations under the employment contract and the need to commence this action." *Id.* at ¶ 26 (emphasis supplied).  In Count A of Plaintiff's Complaint, Plaintiff makes no similar allegation concerning the connection between any action or inaction on the part of Defendant T-Mobile and Plaintiff's alleged damages.  Any allegation that may be inferred to endeavor to establish such a connection would not be sufficient to be its proximate cause, and causation is required to establish a negligence claim *See Atcovitz v. Gulph Mills Tennic Club, Inc.*, 812 A.2d 1218, 1222 (Pa. 2002) (recognizing that the required elements of a negligence claim include a causal connection between the actor's breach and the plaintiff's alleged injury).

As such, Count A of Plaintiff's Complaint must be stricken in its entirety as to Defendant T-Mobile.

### c.  <u>Count B – "Loss of Future Wages"</u>

Similarly, Count B of Plaintiff's Complaint makes allegations concerning the alleged refusal of Defendant 1, Havas Street, to re-employ Plaintiff (*see id.* at ¶ 28) and, allegedly, "[a]s a result of **Defendant 1's** [Havas Street's] irreconciliation and the need to commence this action," Plaintiff alleged sustained damages (*id.* at ¶ 29 (emphasis supplied)).  Again, nowhere does Plaintiff plead

Received County of Berks Prothonotary's Office on 07/27/2022 10:06 AM Prothonotary Docket No. 22-10972

any alleged wrongdoing on the part of Defendant T-Mobile in this Count, or any connection between any action or inaction on the part of Defendant T-Mobile and Plaintiff's alleged damages to establish the required proximate causation. Any allegation that may be inferred to endeavor to establish such a connection would not be sufficient to be its proximate cause, as is required to establish a negligence claim. *See Atcovitz, supra.*

As such, Count B of Plaintiff's Complaint must be stricken in its entirety as to Defendant T-Mobile.

### d. Count C – "Breach of Contract"

In Count C of his Complaint, Plaintiff's endeavors to plead a claim for alleged breach of contract, alleging that Plaintiff has an "employment contract" with Defendant 1 (Havas Street). *See id.* at ¶ 31. However, Plaintiff does not plead that there was a valid, enforceable contract between Plaintiff and Defendant T-Mobile. In Count C of Plaintiff's Complaint, Plaintiff proceeds to list the alleged breaches of this contract **by Defendant 1 (Havas Street) only** (*see id.* at ¶¶ 32 – 34), and then alleges that his alleged damages were caused "[a]s a result of Defendant 1's [Havas Street's] failure and/or refusal to provide conflict resolution, services and support and complete their obligations under the contract" (*id.* at ¶ 37). Again, in addition to failing to plead any valid and enforceable contract between Defendant T-Mobile and Plaintiff, in Count C of Plaintiff's Complaint, Plaintiff further fails to plead any wrongdoing on the part of Defendant T-Mobile, or any alleged damages sustained by Plaintiff as a result of any conduct on the part of Defendant T-Mobile. Any allegation that may be inferred to endeavor to establish such a connection would again not be sufficient to be its proximate cause. *See Atcovitz, supra.*

As such, Count C of Plaintiff's Complaint must be stricken in its entirety as to Defendant T-Mobile.

Received County of Berks Prothonotary's Office on 07/27/2022 10:06 AM Prothonotary Docket No. 22-10972

### e.  <u>Count D – "Contract Implied in Fact"</u>

In Count D of Plaintiff's Complaint, Plaintiff fails to plead that there was any alleged "contract implied in fact" between Plaintiff and Defendant T-Mobile.  Yet again, in Count D of his Complaint, Plaintiff alleges only the claimed existence of a contract between Plaintiff and Defendant 1 (Havas Street).  *See id.* at ¶ 39.  Indeed, Plaintiff pleads only that "Defendant 1 [Havas Street] is in breach of the aforesaid contract implied in fact." *Id.* at ¶ 40.  Further, Plaintiff alleges only that his alleged damages were caused "[a]s a result of Defendant 1's [Havas Street's] failure and/or refusal to provide conflict resolution, services and support and complete their obligations under the contract." *Id.* at ¶ 41.  Again, in Count D of Plaintiff's Complaint, in addition to failing to plead any implied contract between Defendant T-Mobile and Plaintiff, Plaintiff further fails to plead any wrongdoing on the part of Defendant T-Mobile or any alleged damages sustained by Plaintiff as a result of any conduct on the part of Defendant T-Mobile.  Any allegation that may be inferred to endeavor to establish such a connection would again not be sufficient to be its proximate cause.  *See Atcovitz*, *supra*.

As such, Count D of Plaintiff's Complaint must be stricken in its entirety as to Defendant T-Mobile.

### f.  <u>Count E – "Intentional Infliction of Emotional Distress"</u>

In Count E of Plaintiff's Complaint, Plaintiff alleges that "Defendants have harmed the Plaintiff by intentionally refusing mediation and not attempting to resolve the Plaintiff's wrongful termination, and ignoring all requests for remediation, and has caused the Plaintiff mental anguish and emotional distress."  *Id.* at ¶ 43.  Initially, Plaintiff admits that it was Defendant Havas Street, and not Defendant T-Mobile, who was Plaintiff's employer.  *See id.* at ¶ 41.  As such, Defendant T-Mobile had no duty to "resolve the Plaintiff's [alleged] wrongful termination."

Received County of Berks Prothonotary's Office on 07/27/2022 10:06 AM Prothonotary Docket No. 22-10972

Additionally, Pennsylvania courts have been reluctant to fully adopt the tort of intentional infliction of emotional distress under the Second Restatement of Torts. *See Hoy v. Angelone,* 720 A.2d 753 - 54 (Pa. 1998).  Indeed, courts will only recognize such claims when a plaintiff establishes that a defendant, by extreme and outrageous conduct, intentionally or recklessly caused severe emotional distress to another. *See id.*   Thus, the tort of intentional infliction of emotional distress is usually recognized in Pennsylvania only when the degree of the defendant's conduct is clearly extreme or outrageous.  *See id.*  As one court described:   "[T]he conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in any civilized society ... [I]t has not been enough that the defendant has acted with intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice,' or a degree of aggravation that would entitle the plaintiff to punitive damages for another tort." *Toney v. Chester Cnty. Hosp.*, 961 A.2d 192, 202 (Pa, Super. Ct. 2008), *aff'd*, 36 A.3d 83 (Pa. 2011).

Here, Plaintiff has not pleaded with particularity the conduct causing his alleged emotional distress, and there is no allegation that the conduct was extreme or outrageous.  *See Jones v. Magobet*, No. 2632CV2014, 2014 Pa. Dist. & Cnty. Dec. LEXIS 1297 (Monroe Cnty. Sept. 22, 2014) (sustaining preliminary objections in the nature of demurrer to the plaintiff's intentional infliction of emotional distress claim when plaintiff failed to plead the minimum requirements of the tort, as plaintiff failed to identify, with particularity, the conduct that caused the alleged emotional distress and failed to make any allegations that any alleged conduct was extreme or outrageous).

Received County of Berks Prothonotary's Office on 07/27/2022 10:06 AM Prothonotary Docket No. 22-10972

As such, Count E of Plaintiff's Complaint must be stricken in its entirety as to Defendant T-Mobile.

### g.   Count F – "Wrongful Termination"

In Count F of Plaintiff's Complaint, Plaintiff alleges wrongful termination on the part of Defendant 1 (Havas Street).  *See* **Exhibit A** at ¶ 46.  Plaintiff does not plead any wrongdoing on the part of Defendant T-Mobile in Count F of his Complaint, nor does he allege that he sustained any damages that were proximately caused by Defendant T-Mobile.   Indeed, Plaintiff admits that it was Defendant Havas Street, and not Defendant T-Mobile, who was Plaintiff's employer.  *See id.* at ¶¶ 2, 5.  As such, Plaintiff cannot sustain any claim for wrongful termination against Defendant T-Mobile.  Therefore, Count F of Plaintiff's Complaint must be stricken in its entirety as to Defendant T-Mobile.

**WHEREFORE**, Defendant T-Mobile USA, Inc., respectfully requests that the Court sustain Defendant's Preliminary Objection I and strike Plaintiff's Complaint against Defendant, T-Mobile USA, Inc., in its entirety.

### II.   Preliminary Objection II – Legal Insufficiency (Demurrer) of Pleading Under Pa. R.C.P. 1028 (a)(4) as to Prayer for Relief – Request for "Punitive" Damages

If the Court overrules Defendant T-Mobile's Preliminary Objection I, in whole or in part (and Defendant T-Mobile denies that it should), Defendant T-Mobile respectfully requests that this Court strike Plaintiff's request for punitive damages.

Plaintiff's Prayer for Relief seeks, *inter alia,* punitive damages.  *See id.* at Prayer for Relief, No. 4.  Plaintiff's claims for punitive damages must be stricken, as such relief is not supported by the facts pleaded in Plaintiff's Complaint, and Plaintiff is not entitled to such relief.

Received County of Berks Prothonotary's Office on 07/27/2022 10:06 AM Prothonotary Docket No. 22-10972

The Restatement (Second) of Torts §908 provides:

> (1) "Punitive damages are damages, other than compensatory or nominal damages, awarded against a person to punish him for his outrageous conduct and to deter him and others like him from similar conduct in the future."

> (2) "Punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others . . ."

Punitive damages must be based on conduct which is malicious, reckless, willful, or oppressive.   In fact, the imposition of punitive damages is appropriate "only where the conduct complained of is especially egregious." *Sensenig v. Spring Glen Farm Kitchen, Inc*., 16 Pa. D & C. 4th 394, 399 (Lancaster Cnty. 1992) (citations omitted) (internal quotations omitted); *see also Phillips v. Cricket Lighters*, 584 Pa. 179 (2005) (punitive damages are an extreme remedy available in only the most exceptional matters); *McCellan v. Health Maintenance Organization of Pennsylvania*, 413 Pa. Super. 128 (1992) (punitive damages are awarded to punish tortfeasors for outrageous conduct, committed with a view to oppress in contempt of plaintiff's rights).

Here, Plaintiff does not plead any malicious, reckless, willful, or oppressive conduct on the part of Defendant T-Mobile to warrant a request for punitive damages.  As such, Plaintiff's request for punitive damages must be stricken from his Prayer for Relief.

**WHEREFORE**, Defendant T-Mobile USA, Inc. respectfully requests that the Court sustain Defendant's Preliminary Objection II and strike Plaintiff's request for "punitive" damages from Plaintiff's Complaint.

### III.    Preliminary Objection III – Failure of Pleading to Conform to Rule of Court Under Pa.R.C.P. 1028 (a)(2)

If the Court overrules Defendant T-Mobile's Preliminary Objection I (and Defendant T-Mobile denies that it should), Defendant T-Mobile respectfully requests that this Court strike Counts C

Received County of Berks Prothonotary's Office on 07/27/2022 10:06 AM Prothonotary Docket No. 22-10972

and D of Plaintiff's Complaint in their entirety, as well as Plaintiff's request for "special" damages, for failure to conform to rule of court.

### a. <u>Counts C and D of Plaintiff's Complaint</u>

In Count C of Plaintiff's Complaint, Plaintiff endeavors to bring a cause of action for breach of contract, while in Count D, Plaintiff attempts to assert a cause of action for alleged "contract implied in fact."

Pennsylvania Rule of Civil Procedure 1019 (h) provides that "[w]hen a claim or defense is based upon an agreement, the pleading shall state specifically whether the agreement is oral or written."  Further, Pennsylvania Rule of Civil Procedure 1019 (i) provides that "[w]hen any claim or defense is based upon a writing, the pleader shall attach a copy of the writing, or the material part thereof, but if the writing or copy is not accessible to the pleader, it is sufficient so to state, together with the reason, and to set forth the substance of the writing."

Plaintiff's claims for alleged breach of contract and "contract implied in fact" are based upon an alleged agreement, but Plaintiff does not specify whether the alleged agreement is oral or written, in violation of Pennsylvania Rule of Civil Procedure 1019(h).   Further, if the alleged agreement is written, Plaintiff does not attach a copy of the writing, or even set forth the substance of the writing, in violation of Pennsylvania Rule of Civil Procedure 1019(i).

Accordingly, Counts C and D of Plaintiff's Complaint should be stricken in their entirety or in the alternative, Plaintiff should be required to plead whether there is an agreement in writing and if there is, to attach it and if it is not in writing, to set forth its substance, pursuant to Pennsylvania Rule of Civil Procedure 1019(h) and (i).

Received County of Berks Prothonotary's Office on 07/27/2022 10:06 AM Prothonotary Docket No. 22-10972

### b.  Plaintiff's Request for "Special" Damages in his Prayer for Relief

Plaintiff's Prayer for Relief seeks, *inter alia,* "special" damages.  *See* **Exhibit A** at Prayer for Relief, No. 4.   Pennsylvania Rule of Civil Procedure 1019 (f) provides that "items of special damages shall be specifically stated." Here, though Plaintiff alleges special damages, he does not specifically state what special damages he is alleging, in violation of Pennsylvania Rule of Civil Procedure 1019 (f).  As such, Plaintiff's request for special damages should be stricken from his Complaint for failure to conform to rule of court or in the alternative, require Plaintiff to specifically state what special damages he is alleging, pursuant to Pennsylvania Rule of Civil Procedure 1019(f).

**WHEREFORE**, Defendant T-Mobile USA, Inc. respectfully requests that the Court sustain Defendant's Preliminary Objection III and:

a.  strike Counts C and D of Plaintiff's Complaint, in their entirety, or in the alternative, Plaintiff should be required to plead whether there is an agreement in writing and if it is, to attach it and if it is not in writing, to set forth its substance, pursuant to Pennsylvania Rule of Civil Procedure 1019(h) and (i), and

b.  strike Plaintiff's request for "special" damages from the Prayer for Relief in Plaintiff's Complaint, for failure to conform to rule of court or in the alternative, require Plaintiff to specifically state what special damages he is alleging, pursuant to Pennsylvania Rule of Civil Procedure 1019(f).

Received County of Berks Prothonotary's Office on 07/27/2022 10:06 AM Prothonotary Docket No. 22-10972

IV.     CONCLUSION

WHEREFORE, for the foregoing reasons, Defendant T-Mobile USA, Inc. respectfully requests that the Court sustain its Preliminary Objection I and dismiss Plaintiff's Complaint, in its entirety, as to Defendant T-Mobile USA, Inc.

In the alternative, Defendant T-Mobile USA, Inc. respectfully requests that the Court sustain its Preliminary Objections II and III and:

   a.  Strike Plaintiff's request for "special" and "punitive" damages from the Prayer for Relief in Plaintiff's Complaint;

   b.  Strike Count C of Plaintiff's Complaint, in its entirety; and

   c.  Strike Court D of Plaintiff's Complaint, in its entirety.

In the alternative, Defendant T-Mobile USA, Inc., respectfully requests that the Court sustain its Preliminary Objections II and III and:

   a.  Strike Plaintiff's request for "punitive" damages from the Prayer for Relief in Plaintiff's Complaint;

   b.  Require Plaintiff to plead whether there is an agreement in writing and if there is, to attach it and if it is not in writing, to set forth its substance;

c.  Require Plaintiff to specifically state what special damages he is alleging.

Respectfully Submitted,

THE AXELROD FIRM, PC

Date:   July 26, 2022          BY:     _/s/ Sheryl L. Axelrod_____
                                       SHERYL L. AXELROD, ESQUIRE
                                       ID No. 70959
                                       100 E. Penn Square
                                       Suite 400
                                       Philadelphia, PA 19107
                                       Telephone: 215.461.1769
                                       Fax: 215.238.1779
                                       saxelrod@theaxelrodfirm.com
                                       *Attorney for Defendant T-Mobile USA, Inc.*

Received County of Berks Prothonotary's Office on 07/27/2022 10:06 AM Prothonotary Docket No. 22-10972

**Received County of Berks Prothonotary's Office on 07/27/2022 10:06 AM Prothonotary Docket No. 22-10972**

## <u>CERTIFICATE OF SERVICE</u>

I, Sheryl L. Axelrod, do hereby certify that a true and correct copy of the  Preliminary Objections of Defendant, T-Mobile, USA, Inc., to Plaintiff's Complaint, and supporting Brief, were served upon all counsel of record electronically by the electronic filing system and upon:

*Pro Se* Plaintiff by First Class Mail and  Electronic Mail

Michael Pricharda
534 Walnut Street., Apt. 2
Reading, PA 19601
mpricharda@gmail.com
*Pro Se Plaintiff*

Unrepresented Defendant, Havas Street, by Fist Class Mail:

Havas Street
810 Parkview Drive North
El Segundo, CA 90245
*Unrepresented Defendant*

Respectfully Submitted,

By:     */s/ Sheryl L. Axelrod*
SHERYL L. AXELROD

# EXHIBIT A

Received County of Berks Prothonotary's Office on 07/27/2022 10:06 AM Prothonotary Docket No. 22-10972

Received County of Berks Prothonotary's Office on 07/27/2022 10:06 AM Prothonotary Docket No. 22-10972



Received County of Berks Prothonotary's Office on 07/27/2022 10:06 AM Prothonotary Docket No. 22-10972

Michael Pricharda

534 Walnut St. Apt 2                                     Plaintiff, in Proper Person

Reading, PA 19601

484-966-1553

nnpricharda@gmail.com

---

Michael Pricharda                **COURT OF COMMON PLEAS OF BERKS COUNTY**

    Plaintiff.                          **READING, PENNSYLVANIA**

    vs.
                                     22 -10972
Havas Street

    Defendant.

T-Mobile USA, Inc.                        CASE NUMBER:

    Defendant.                     **JURY TRIAL DEMANDED**

---

### PLAINTIFF"S COMPLAINT

---

### NOTICE

    You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claim set forth against you.  You are warned that if you fail to do so, the case may proceed without you and a judgement may be entered against you by the Court without further notice for any money claimed in the complaint or for any other claim or relief requested by the Plaintiff.  You may lose money or other rights important to you.

    YOU SHOULD TAKE THIS COMPLAINT TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW.  THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

    IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Lawyer's Referral Services of the

Berks County Bar Association

544 Court Street

Reading, PA 19601

(610) 375-4591

Contract - Other 22-10972
Berks County Prothonotary Office

*5404523 R*      7/6/2022   12:05 PM

Received County of Berks Prothonotary's Office on 07/27/2022 10:06 AM Prothonotary Docket No. 22-10972

## COMPLAINT

Plaintiff. MICHAEL PRICHARDA. in proper person, complains against defendants HAVAS STREET. & T Mobile

inclusive as follows:

## PARTIES

1. Plaintiff, MICHAEL PRICHARDA, (hereinafter "Plaintiff") is an individual who is currently. and was at all relevant times herein. a resident of the State of Pennsylvania, County of Berks, City of Reading. Plaintiff may be reached and served with process by service upon his registered address, 534 Walnut St., Apt 2, Reading, PA 19601,  via email at mpricharda@gmail.com, and via telephone at 484-966-1553.

2. Defendant HAVAS STREET, (hereinafter "Defendant 1") is an entity and may be served with process by service upon its registered address, 810 Parkview Drive North, El Segundo. CA 90245. via email at cadena@havasstreet.com, and via telephone at 310-578-7050.

3. Defendant T-MOBILE USA. INC.. (hereinafter "Defendant 2") is an entity and may be served with process by service upon its registered address, 12920 SE 38th St, Bellevue, WA 98006, and by telephone at 425-378-4000.

4. All the acts and/or failures to act alleged herein were duly performed by and/or are attributable to Defendant, individually, collaboratively, or acting by and through their agents and employees.  Said acts and/or failures to act were within the scope of any agency or employment, or were ratified by Defendant.

5. The names and capacities, whether individual, corporate, associate or otherwise, of defendants and/or their alter egos sued herein, inclusive, are presently offered to the best of the Plaintiff's ability and amendments to this complaint may be made as new information is ascertained.

## FACTS

Received County of Berks Prothonotary's Office on 07/27/2022 10:06 AM Prothonotary Docket No. 22-10972

5. Plaintiff had been employed by Defendant 1 for T-Mobile events since April 2021 for a marketing program.

6. Plaintiff had accepted Christmas holiday work to help Defendant 1's district manager staff a few events that she was struggling with.

7. Plaintiff had worked the first of the Christmas holiday events with Lindsay Bliss (hereforth referred to as "BA") as his brand ambassador, at the Schecksville Zoo.

8. The Plaintiff and BA experienced a complete cell and data signal shutdown during the event while running on Defendant 2's networks - while promoting Defendant 2.

9. The Plaintiff did attempt several times to reach Defendant 1's district manager to alert them to the issue but could not reach her due to cell and data signals not workings, and her inability to respond to emails in a timely manner.

10. The Plaintiff and BA were provided chairs by the zoo when we arrived, though we only used them when we were writing down the surveys by hand for Defendants 1 and 2 after the signal wouldn't allow us to do our job with the phones we had available.

11. The Plaintiff and BA did work outside in below freezing 25 degree weather for 6 hours without signal for Defendants 1 and 2.

12. The Plaintiff had heard back from Defendant 1's district manager near the end of his shift and was told that we were breaking rules for sitting down, even though someone from the zoo left chairs in our shelter. and that we were both supposed to stand outside in the winter cold 25 degree weather outside of the shelter we were provided while there was no heat source.

13. The Plaintiff and BA finished their shifts with some acute hypothermic symptoms and completed the reports and surveys we took down by hand for our employer and their client, and the Plaintiff promptly told the district manager that he no longer wished to help complete the last two events he agreed to take due to the way he and the BA were treated at the zoo.

14. The Plaintiff and the BA were immediately terminated.

Received County of Berks Prothonotary's Office on 07/27/2022 10:06 AM Prothonotary Docket No. 22-10972

15. The Plaintiff will not be able to work with the Defendant 1 in any future programs given their refusal to acknowledge any wrong-doing or foul-play, thus resulting in the Plaintiff losing business income.

16. Defendant 2 is responsible for not providing proper coverage in an area they were running a marketing promotion for themselves in, creating the chain of events that led to two wrongful terminations.

17. Plaintiff did suffer substantial loss of business income due to being unable to complete his job and be an employee of Havas Street.

18. Plaintiff faces anxiety and financial hardship due to the actions taken by the Defendant.

## CLAIMS FOR RELIEF

### A. Gross Negligence, Negligence by Variable Liability

19. Plaintiff incorporates herein by reference thereto Paragraphs one (1) through eighteen (18) inclusive of the within Complaint as if fully set forth hereto.

20. Plaintiff was employed and had a valid and existing employee account as set forth above.

21. Plaintiff performed his obligations under the employee account or was excused from doing so.

22. Defendant has exercised extreme negligence against the Plaintiff by failing to enact and enforce any or enough remediation policy to prevent harm, and when asked for mediation, refused.

23. Defendant has an obligation to provide some constant and/or consistent measure of protection from intra-agency abuses on its platform to its employees.

24. Defendant neglected their duties as set forth above.

25. Defendant's neglect directly and proximately caused damages to the Plaintiff as set forth above.

26. As a result of the Defendant 1's failure and/or refusal to provide proper grievance appeals and/or support and complete their obligations under the employment contract and the need to commence this action, the Defendants have damaged the Plaintiff in an amount in excess of Five Hundred Thousand Dollars ($500,000.00) together with interest plus any reasonable attorney's fees and costs.

WHEREFORE. Plaintiff demands judgement against Defendants in an amount in excess of Five Hundred Thousand Dollars ($500,000) together with interest, any reasonable attorney's fees as determined by the Court, plus the costs of suit and other such relief as the Court believes is just and proper.

Received County of Berks Prothonotary's Office on 07/27/2022 10:06 AM Prothonotary Docket No. 22-10972

**B.  Loss of Future Wages**

27.  Plaintiff incorporates herein by reference thereto Paragraphs one (1) through twenty six (26) inclusive

of the within Complaint as if fully set forth hereto.

28.  Defendant 1 has refused to re-employ the Plaintiff despite being made aware of the error.

29.  As a result of Defendant 1's irreconciliation and the need to commence this action, the Defendants

have damaged the Plaintiff in an amount in excess of Five Hundred Thousand Dollars ($500,000.00)

together with interest plus any reasonable attorney's fees and costs.

WHEREFORE, Plaintiff demands judgement against Defendants in an amount in excess of Five Hundred

Thousand Dollars ($500,000) together with interest, any reasonable attorney's fees as determined by the

Court, plus the costs of suit and other such relief as the Court believes is just and proper.


**C.  Breach of Contract**

30.  Plaintiff incorporates herein by reference thereto Paragraphs one (1) through twenty nine (29)

inclusive of the within Complaint as if fully set forth hereto.

31.  According to the pertinent provisions of the employment contract, Defendant 1 is obligated to

promptly provide names and numbers and emails for HR and other conflict resolution departments,

customer service and technical support all of which the Defendant failed and/or refused to do.

32.  Defendant 1 deliberately concealed and/or intentionally failed to disclose to the Plaintiff the names

and contact info for appropriate channels of conflict resolution.

33.  By Defendant 1's refusal to provide services in the way contractually agreed upon, the Plaintiff is

obligated to commence suit despite attempts by the Plaintiff to enforce the contract or contact an agent or

representative of the Defendant's to remedy their errors, thereby causing the Plaintiff to incur fees and

costs of suit.

34.  Defendant 1 has unlawfully ignored the provisions of their employment contract, enacted by and

between the Plaintiff and the Defendant in April 2021.

35.  The agreement between the parties hereto was and is a valid binding contract.

36.  The Defendant is in breach of the aforesaid contract between the parties hereto.

Received County of Berks Prothonotary's Office on 07/27/2022 10:06 AM Prothonotary Docket No. 22-10972

37. As a result of Defendant 1's failure and/or refusal to provide conflict resolution, services and support and complete their obligations under the contract and the need to commence this action, the Defendants have damaged the Plaintiff in an amount in excess of Five Hundred Thousand Dollars ($500,000.00) together with interest plus any reasonable attorney's fees and costs.

WHEREFORE, Plaintiff demands judgement against Defendant in an amount in excess of Five Hundred Thousand Dollars ($500,000) together with interest, any reasonable attorney's fees as determined by the Court, plus the costs of suit and other such relief as the Court believes is just and proper.

### D. Contract Implied in Fact

38. Plaintiff incorporates herein by reference thereto Paragraphs one (1) through thirty seven (37) inclusive of the within Complaint as if fully set forth hereto.

39. An actual contract for service as describes above existed between the Plaintiff and Defendant 1 whereby said parties have agreed upon the obligations to be incurred but their intention is inferred from their acts in light of the surrounding circumstances.

40. Defendant 1 is in breach of the aforesaid contract implied in fact which they have with the Plaintiff.

41. As a result of Defendant 1's failure and/or refusal to provide conflict resolution, services and support and complete their obligations under the contract and the need to commence this action, the Defendants have damaged the Plaintiff in an amount in excess of Five Hundred Thousand Dollars ($500,000.00) together with interest plus any reasonable attorney's fees and costs.

WHEREFORE, Plaintiff demands judgement against Defendant in an amount in excess of Five Hundred Thousand Dollars ($500,000) together with interest, any reasonable attorney's fees as determined by the Court, plus the costs of suit and other such relief as the Court believes is just and proper.

### E. Intentional Infliction of Emotional Distress

42. Plaintiff incorporates herein by reference thereto Paragraphs one (1) through forty one (41) inclusive of the within Complaint as if fully set forth hereto.

Received County of Berks Prothonotary's Office on 07/27/2022 10:06 AM Prothonotary Docket No. 22-10972

43. Defendants have harmed the Plaintiff by intentionally refusing mediation and not attempting to resolve the Plaintiff's wrongful termination, and ignoring all requests for remediation, and has caused the Plaintiff mental anguish and emotional distress.

44. As a result of the Defendants failure and/or refusal to provide the agreed upon conflict resolution, comply with requests for mediation and the need to commence this action, the Defendants have damaged the Plaintiff in an amount in excess of Five Hundred Thousand Dollars ($500,000.00) together with interest plus any reasonable attorney's fees and costs.

WHEREFORE, Plaintiff demands judgement against Defendant in an amount in excess of Five Hundred Thousand Dollars ($500,000) together with interest, any reasonable attorney's fees as determined by the Court, plus the costs of suit and other such relief as the Court believes is just and proper.

## F. Wrongful Termination

45. Plaintiff incorporates herein by reference thereto Paragraphs one (1) through forty four (44) inclusive of the within Complaint as if fully set forth hereto.

46. As a result of Defendant 1'swrongful termination, the Defendants have damaged the Plaintiff in an amount in excess of Five Hundred Thousand Dollars ($500,000.00) together with interest plus any reasonable attorney's fees and costs.

WHEREFORE, Plaintiff demands judgement against Defendant in an amount in excess of Five Hundred Thousand Dollars ($500,000) together with interest, any reasonable attorney's fees as determined by the Court, plus the costs of suit and other such relief as the Court believes is just and proper.

Received County of Berks Prothonotary's Office on 07/27/2022 10:06 AM Prothonotary Docket No. 22-10972

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for the following relief:

1.      That process issue;

2.      That Defendant be served as the law provides;

3.      That the case be heard by a jury

4.      That the Plaintiff be awarded special, general, compensatory, punitive and all further permissible damages for costs, expenses and losses sustained by the Plaintiff, for past, present, and future, $500,000 from the defendants, in harmony with the enlightened conscience of an impartial jury;

5.      That Plaintiff be awarded any attorney's fees on account and expenses of litigation; and

6.      For such other and further relief as this court deems just and equitable.

I declare under penalty of perjury under the law of the State of Pennsylvania that the foregoing is true and correct.

RESPECTFULLY SUBMITTED AND DATED this 27th day of June, 2022

Michael Pricharda

534 Walnut St., Apt 2.

Reading, PA 19601

Telephone:  484-966-1553

Email:  mpricharda@gmail.com

Plaintiff, In Proper Person

# EXHIBIT I

Michael Pricharda

534 Walnut St. Apt 2

Reading, PA 19601

484-966-1553

mpricharda@gmail.com

Plaintiff, in Proper Person

Received County of Berks Prothonotary's Office on 7/28/2022 3:26:07 PM  Prothonotary Docket No. 22-10972

Michael Pricharda

    Plaintiff,

    vs.

Havas Street

    Defendant,

T-Mobile USA, Inc.

    Defendant.

**COURT OF COMMON PLEAS OF BERKS COUNTY**

**READING, PENNSYLVANIA**

CASE NUMBER:  22-10972

**JURY TRIAL DEMANDED**

## PLAINTIFF'S REBUTTAL TO DEFENDANT T-MOBILE USA INC PRELIMINARY OBJECTIONS

The Plaintiff wishes to provide the court with his rebuttal to Defendant TMobile's counsel's Preliminary

Objections, and offer further clarifications that may support the Plaintiff's argument, as follows:

**BRIEF OF FACTS SUPPORTING PLAINTIFF'S ARGUMENT**

A.  Gross Negligence, Negligence by Variable Liability

1.  Defendant TMobile was the Client of Plaintiff's employer, Defendant Havas Street.

2.  Defendant TMobile permitted Plaintiff's employer to employ him by allowing Defendant Havas
    Street to hire third-party agents to represent the TMobile brand.  While wearing TMobile branding we
    are TMobile employees.

3.  Defendant TMobile paid Defendant Havas Street to promote telecom services for Defendant
    TMobile.



Answer/Reply/Response 22-10972
Berks County Prothonotary Office

*5415935 R*   7/28/2022  3:25 PM

Received County of Berks Prothonotary's Office on 7/28/2022 3:26:07 PM   Prothonotary Docket No. 22-10972

4. Telecom services provided by Defendant TMobile did not work at location assigned to Plaintiff, despite requiring us to promote it as "the best 5G coverage in America".

5. Because Defendant's telecom service did not work at locale, Plaintiff could not perform duties assigned to him effectively.

6. Because Plaintiff was unable to perform assigned duties, and because Defendant Havas Street terminated Plaintiff for issues related to field work for Defendant TMobile, Plaintiff asserts that Defendant TMobile is partially and directly responsible for Plaintiff's termination.

B. Loss of Future Wages

7. If Defendant TMobile is found to be liable in any way of Negligence in events leading up to my termination, they would then too bare some responsibility for my Loss of Future Wages.

C., D., E., F. – NOT APPLICABLE TO DEFENDANT TMOBILE

8. Plaintiff is more than aware that Defendant TMobile has not breached any service or employment contracts nor have they had one with the Plaintiff, and did not inflict distress upon the Plaintiff intentionally or willfully, nor did they terminate Plaintiff directly.

RESPECTFULLY SUBMITTED AND DATED this 27th day of July, 2022

Michael Pricharda
534 Walnut St., Apt 2,
Reading, PA 19601
Telephone: 484-966-1553
Email: mpricharda@gmail.com
Plaintiff, In Proper Person

Received County of Berks Prothonotary's Office on 7/28/2022 3:26:07 PM   Prothonotary Docket No. 22-10972

**BERKS COUNTY**

**Prothonotary Office**

7/28/2022 3:25:08 PM plkperez
#170471

| | |
|---|---|
| ***Docket Number: 22-10972 Complaint | |
| eFiling Fee | 8.00 |
| Total: | 8.00 |
| Cash | 20.00 |
| Total Payments: | 20.00 |
| Change Due: | 12.00 |