IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL PRICHARDA,<br>    Plaintiff,<br><br>    v.<br><br>HAVAS STREET, *et al.*,<br>    Defendants. | :<br>:<br>:<br>: Civil No. 5:22-cv-03061-JMG<br>:<br>:<br>: |

**MEMORANDUM OPINION**

**GALLAGHER, J.**                          October 3, 2022

Plaintiff Michael Pricharda alleges claims against Defendant Havas Street and Defendant T-Mobile arising from a workplace incident leading to Plaintiff's termination. Defendant T-Mobile moves for dismissal of the complaint for failure to state a claim upon which relief can be granted. In granting the motion, the Court finds Plaintiff has failed to properly state claims upon which relief can be granted.

**I.  BACKGROUND**

Plaintiff Michael Pricharda alleges claims against Defendant T-Mobile USA, Inc and Defendant Havas Street.[1] Plaintiff asserts he worked as an employee for Defendant Havas Street. *See* Compl. ¶¶ 2,5, ECF No. 1-1. Defendant T-Mobile is "a wireless network operator that provides telecommunications services." Def. Mot. to Dismiss at 4, ECF No. 13. Plaintiff alleges Defendant Havas Street employed Plaintiff to work "T-Mobile events since April 2021 for a marketing program." Compl. ¶ 5.

Around Christmas, Plaintiff worked for Defendant Havas Street at its holiday event. *Id.* ¶¶

---

[1] Plaintiff filed his Complaint *pro se*. *See generally* Compl., ECF No. 1-1.

5-7. The work event promoted T-Mobile at the Schecksville Zoo. *Id.* While at the event, Plaintiff alleges he "experienced a complete cell and data signal shutdown . . . while running on Defendant [T-Mobile's] networks." *Id.* ¶ 8. Plaintiff asserts the lack of signal caused him to record information by hand, which he would otherwise complete by phone. *Id.* ¶ 10. So Plaintiff alleges he "work[ed] outside in below freezing 25 degree[*sic*] weather for 6 hours without signal for Defendants [Havas Street and T-Mobile]." *Id.* ¶ 11. Plaintiff "finished [his] shift with some acute hypothermic symptoms . . . [and] promptly told the district manager that he no longer wished to" work two additional T-Mobile promotional events for Defendant Havas Street. *Id.* ¶ 13. Plaintiff alleges he was "immediately terminated." *Id.* ¶ 14.

Therefore, Plaintiff claims Defendant T-Mobile "is responsible for not providing proper coverage in [the] area . . . [of the] marketing promotion for themselves [], creating the chain of events that led to two wrongful terminations." *Id.* ¶ 16. Thus, Plaintiff alleges he "suffer[ed] substantial loss of business income due to being unable to complete his job" as well as "anxiety and financial hardship." *Id.* ¶ 18.

## II.   STANDARD

Defendant T-Mobile moves to dismiss for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility

that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). In other words, "there must be some showing sufficient to justify moving the case beyond the pleadings to the next stage of litigation." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234–35 (3d Cir. 2008).

Third Circuit courts deploy a three-step analysis when faced with motions to dismiss. First, the Court identifies "the elements [the] plaintiff must plead to state a claim." *Connelly*, 809 F.3d at 787 (quoting *Iqbal*, 556 U.S. at 675). Next, the Court identifies "allegations that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* (quoting *Iqbal*, 556 U.S. at 679). Finally, the Court assumes the veracity of well-pleaded factual allegations, "and then determine[s] whether they plausibly give rise to an entitlement to relief." *Id.* (quoting *Iqbal*, 556 U.S. at 679). For purposes of this analysis, the Court "accept[s] all factual allegations as true, [and] construe[s] the complaint in the light most favorable to the plaintiff." *Warren Gen. Hosp. v. Amgen, Inc.*, 643 F.3d 77, 84 (3d Cir. 2011).

Furthermore, "[o]n a motion to dismiss, the district court must read a *pro se* plaintiff's allegations liberally and apply a less stringent standard to the pleadings of a *pro se* plaintiff than to a Complaint drafted by counsel." *Perlberger v. Caplan & Luber, LLP*, 152 F. Supp. 2d 650, 653 (E.D. Pa. 2001) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Gibbs v. Roman*, 116 F.3d 83, 86 n. 6 (3rd Cir. 1997)). "Yet even in the case of pro se litigants this leniency does not give a court license to serve as a de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Gipson v. Sec'y, U.S. Dep't of the Treasury*, 675 F. App'x 960, 962 (11th Cir. 2017) (quoting *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014)).

### III.    CLAIMS

Plaintiff raises two claims against Defendant T-Mobile. The first claim is "Gross Negligence, Negligence by Variable Liability." Compl. at 5. Count I asks the Court to conclude: Defendant T-Mobile had a duty to Plaintiff recognized by the law, requiring a certain standard of conduct; T-Mobile failed to conform to the required standard; and T-Mobile's actions caused injury to Plaintiff. Plaintiff asserts Defendant T-Mobile owes him a duty because he worked marketing events for T-Mobile for his employer. *Id.* ¶¶ 20-23. Based on this relationship, Plaintiff alleges Defendant T-Mobile, along with Defendant Havas Street, negligently failed to provide avenues for remediation following Plaintiff's eventual termination from his position. *Id.* ¶¶ 22-24.

Plaintiff also alleges a claim of "Loss of Future Wages" against Defendant T-Mobile. *Id.* at 6. Plaintiff asserts Defendant T-Mobile is liable for the financial damages stemming from his termination because Plaintiff has not been re-employed by Defendant Havas Street. *Id.* ¶ 29.

### IV.    DISCUSSION

#### A. Negligence

The first claim is "Gross Negligence, Negligence by Variable Liability." Compl. at 5. Under Pennsylvania law, "[t]he necessary elements to maintain an action in negligence are: a duty or obligation recognized by the law, requiring the actor to conform to a certain standard of conduct; a failure to conform to the standard required; a causal connection between the conduct and the resulting injury and actual loss or damage resulting to the interests of another." *Morena v. S. Hills Health Sys.*, 462 A.2d 680, 684 n.5 (Pa. 1983) (citations omitted). Although the Pennsylvania Supreme Court has not defined "gross negligence" in the civil context, the "general consensus [among Pennsylvania courts] finds gross negligence constitutes conduct more egregious than

ordinary negligence but does not rise to the level of intentional indifference to the consequences of one's acts." *Feleccia v. Lackawanna Coll.*, 215 A.3d 3, 19 (Pa. 2019) (citing *Ratti v. Wheeling Pittsburgh Steel Corp.*, 758 A.2d 695, 703 (Pa. Super. Ct. 2000)).

In his Complaint, it is unclear whether Plaintiff alleges Defendant T-Mobile committed *any* acts related to the resulting damages in this case.[2] Plaintiff specifies "[a]s a result of the Defendant [Havas Street]'s failure and/or refusal to provide proper grievance appeals and/or support and complete their obligations under the employment contract and the need to commence this action, the *Defendants* have damaged the Plaintiff." Compl. ¶ 26 (emphasis added). Plaintiff otherwise provides only general allegations against "Defendant[,]" which could refer to either Defendant Havas Street or Defendant T-Mobile. *See id.* ¶¶ 22-25. Specifically, Plaintiff alleges "Defendant exercised extreme negligence against the Plaintiff by failing to enact and enforce any or enough remediation policy to prevent harm, and when asked for mediation, refused." *Id.* at 22. Plaintiff also alleges "Defendant has an obligation to provide some constant and/or consistent measure of protection from intra-agency abuses on its platform to its employees" and thus "neglected their duties." *Id.* at ¶¶ 23, 24. Plaintiff does not specify whether Defendant T-Mobile committed these acts. And even assuming Plaintiff's allegations refer to Defendant T-Mobile,

---

[2] Plaintiff provides additional details of Defendant T-Mobile's alleged behavior in his Rebuttal to Defendant T-Mobile's Motion to Dismiss. *See generally* Pl.'s Rebuttal to Def.'s Mot. to Dismiss, ECF No. 15. But "[a]s a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). District courts "must accept as true the well-pleaded factual allegations of the complaint . . . and determine whether the complaint, so read, limns facts sufficient to justify recovery on any cognizable theory." *LaChapelle v. Berkshire Life Ins. Co.*, 142 F.3d 507, 508 (1st Cir. 1998). Here, the Court looks to Plaintiff's Complaint to determine whether the facts alleged sufficiently set out recoverable causes of action.

Plaintiff's claims are legal conclusions not supported by factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Plaintiff only alleges Defendant T-Mobile acted negligently by "not providing proper coverage in an area . . . [of] a marking promoting for themselves [], creating the chain of events that led to wrongful terminations." Compl. ¶ 16. Even assuming Defendant T-Mobile owed a duty to Plaintiff as an employee of a company promoting T-Mobile's business, Plaintiff does not sufficiently allege T-Mobile's weak cell phone coverage proximately caused Plaintiff's termination nor any additional financial or emotional harm. Proximate cause "may be established by evidence that the defendant's negligent act or failure to act was a substantial factor in bringing about the plaintiff's harm." *Hamil v. Bashline*, 392 A.2d 1280, 1284 (Pa. 1978) (citation omitted). Plaintiff alleges he continued to work his shift although the lack of cell phone signal prevented him from using his phone; he completed the necessary reports and surveys by hand for his employer. Compl. ¶ 10. So it is unclear what harm—if any—resulted from Defendant T-Mobile's cell phone coverage. Therefore, Plaintiff does not provide particularized facts to show Defendant T-Mobile's actions proximately caused his financial and emotional damages. Plaintiff's negligence claims against Defendant T-Mobile cannot proceed because Plaintiff has not sufficiently alleged a causal connection between T-Mobile's cell phone coverage and Plaintiff's resulting termination.

Plaintiff further alleges claims of "negligence by variable liability." Compl. at 5. This is not a cause of action under Pennsylvania law. It is possible Plaintiff intended to prove negligence based on vicarious liability, which "means in its simplest form that, by reason of some relation existing between A and B, the negligence of A is to be charged against B although B has played no part in it, has done nothing whatever to aid or encourage it, or indeed has done all that he

possibly can to prevent it." *Scampone v. Highland Park Care Ctr.*, LLC, 57 A.3d 582, 597 (Pa. 2012) (citing *Crowell v. City of Phila.*, 613 A.2d 1178, 1181 (Pa. 1992)). "[T]raditional vicarious liability rules ordinarily make principals or employers vicariously liable for acts of their agents or employees in the scope of their authority or employment." *Meyer v. Holley*, 537 U.S. 280, 285 (2003) (citations omitted).

Plaintiff has not alleged an employment relationship between Defendant T-Mobile and Defendant Havas Street's. Plaintiff merely alleges Defendant Havas Street employed him to work events promoting T-Mobile. Compl. ¶ 5. So, to hold Defendant T-Mobile vicariously liable for Defendant Havas Street, the Court would need to find an agency relationship between the Defendants. Federal courts look to a party's ability and manner of control over another party's actions to determine an agency relationship. *See QVC, Inc. v. Resultly, LLC*, 159 F. Supp. 3d 576, 590 (E.D. Pa. 2016); *Hand v. Beach Ent. KC, LLC*, 456 F. Supp. 3d 1099, 1129 (W.D. Mo. 2020) ("Agency is the fiduciary relationship that arises when one person (a 'principal') manifests assent to another person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act."); *Thomas v. Taco Bell Corp.*, 879 F. Supp. 2d 1079, 1084-85 (C.D. Cal. 2012), *aff'd*, 582 F. App'x 678 (9th Cir. 2014). "Agency is typically a factual issue, with the plaintiff at the pleading stage only required to allege a factual basis that gives rise to an inference of an agency relationship through the use of generalized as opposed to evidentiary facts." *Mauer v. Am. Intercontinental Univ., Inc.*, No. 16 C 1473, 2016 WL 4651395, at *2 (N.D. Ill. Sept. 7, 2016) (citation omitted).

But Plaintiff does not allege any facts giving rise to an agency relationship between Defendant Havas Street and Defendant T-Mobile. Plaintiff only alleges Defendant Havas Street held promotional events for Defendant T-Mobile. Plaintiff does not provide facts expanding on

the individual functions of the Defendants and their corresponding relationship to each other. Therefore, without additional facts regarding Defendant Havas Street and Defendant T-Mobile's relationship, the Court cannot hold Defendant T-Mobile vicariously liable for the acts of Defendant Havas Street.

### B. Loss of Future Wages

Secondly, Plaintiff asserts a claim of loss of future wages against Defendant T-Mobile.[3] Defendant T-Mobile asserts Plaintiff does not plead facts establishing T-Mobile should have "re-employed" Plaintiff and thus, caused Plaintiff's loss of future wages. Def. Mot. to Dismiss at 8, ECF No. 13. Defendant also submits "there is no recognized cause of action in Pennsylvania for loss of future wages, which is merely an alleged damage." *Id.* The Court agrees. Loss of future wages is a kind of damages, not a cause of action. *See Davis v. Supermarkets Gen. Corp., Pathmark Div.*, 584 F. Supp. 870, 872 (E.D. Pa. 1984) ("Lost wages, whether past or future, are legal damages."); *see e.g., Shine v. E. Vincent Twp. Police Dep't*, No. CV 16-3922, 2017 WL 11518003, at *2 (E.D. Pa. Sept. 26, 2017) (granting in part and denying in part a motion to dismiss in which Plaintiff alleged future loss of wages among other injuries and types of damages); *Wilson v. Nelson*, 258 A.2d 657, 659 (Pa. 1969) (considering loss of future damages in calculating a damages award). And the facts alleged in Plaintiff's loss of future wages claim do not give rise to any other legally cognizable cause of action. Because Plaintiff does not allege facts "sufficient to justify

---

[3] As in Plaintiff's first claim, Plaintiff asserts vague conclusions lacking specific facts of Defendant T-Mobile's actions. Plaintiff alleges "Defendant [Havas Street] has refused to re-employ the Plaintiff despite being made aware of [] error" and thus "Defendant [Havas Street]'s irreconciliation and the need to commence this action" damages Plaintiff. Compl. ¶¶ 28, 29. But Plaintiff concludes both Defendants, including Defendant T-Mobile, "have damaged the Plaintiff in an amount in excess of Five Hundred Thousand Dollars." *Id.* ¶ 29.

recovery on any cognizable theory," Plaintiff's loss of future wages claim must be dismissed. *LaChapelle v. Berkshire Life Ins. Co.*, 142 F.3d 507, 508 (1st Cir. 1998).

## V.   CONCLUSION

Plaintiff's Counts I and II are dismissed for failure to state a claim. The Court dismisses these claims without prejudice, allowing Plaintiff leave to amend his Complaint and add particularized facts concerning Defendant T-Mobile's actions. An appropriate order follows.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge